Marvin Stuart Lanter, Esq.
mlanter@lanterlaw.com
Law Office of Marvin Stuart Lanter
1925 Century Park East #2000
Los Angeles, CA  90067-2721
(310) 276-1142
State Bar No.:   69106

ATTORNEY FOR DEFENDANTS: E.K.C., AND E.C., MINORS BY AND THROUGH THEIR GUARDIAN AD LITEM JUANA MARTINEZ

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIFE INSURANCE COMPANY OF NORTH AMERICA, a Pennsylvania corporation,<br><br>Plaintiff,<br><br>vs.<br><br>NAPOLEON CASTRO; MARLENE MARTINEZ; E.K.C., a minor, by his Guardian ad litem, JUANA MARTINEZ; and E.C., a minor, by his Guardian ad litem, JUANA MARTINEZ,<br><br>Defendants. | Case No: CV11-3799-DMG (PLAx)<br><br>NOTICE OF MOTION; MOTION OF THE MINOR DEFENDANTS E.K.C., A MINOR, BY HIS GUARDIAN AD LITEM, JUANA MARTINEZ; AND E.C., A MINOR, BY HIS GUARDIAN AD LITEM, JUANA MARTINEZ, TO APPROVE TERMS OF THE SETTLEMENT AMONG ALL PARTIES AND THE DISBURSEMENT OF ALL INTERPLEADED FUNDS AND REQUEST FOR ATTORNEY FEES AND COSTS; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATIONS OF MARVIN STUART LANTER AND JUANA MARTINEZ  IN SUPPORT  THEREOF<br><br>Hon. Dolly M. Gee<br><br>DATE : April 6, 2012<br><br>TIME : 9:30 am<br><br>COURTROOM : 7 |

NOTICE OF MOTION AND MOTION TO APPROVE TERMS OF SETTLEMENT

- 1 -

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

YOU ARE HEREBY NOTIFIED THAT at on April 6, 2012, at 9:30 am or as soon thereafter as the matter can be heard, in Courtroom 7 of this Court, located at 312 North Spring Street, Los Angeles, California, Defendants E.K.C., a minor, by his Guardian ad Litem, JUANA MARTINEZ; and E.C., a minor, by his Guardian ad Litem, JUANA MARTINEZ ("the defendants") will and hereby does move this Court for an order to approve the terms OF THE SETTLEMENT AMONG ALL PARTIES AND THE DISBURSEMENT OF ALL INTERPLEADED FUNDS AND REQUEST FOR ATTORNEY FEES AND COSTS in this matter.

Further, that the Court order that the sum of $42,088.00 plus interest accrued on this one-third proportionate share from and after the date of deposit of said sum into the registry of this court to be paid to E.K.C., a minor by and through his Guardian ad Litem JUANA MARTINEZ , and Marvin Stuart Lanter Attorney at Law.

Said sum of $42,088 (plus 1/3 of the accrued interest) shall be paid as follows: E.K.C., a minor by and through his Guardian ad Litem JUANA MARTINEZ shall be paid the sum of $31,588 plus interest accrued on this one-third proportionate share from and after the date of deposit of said sum into the registry of this court; and Marvin Stuart Lanter Attorney at Law shall be paid the sum of $10,500 for his attorney fees and costs.

Further, that the Court order that the sum of $42,088.00 plus interest accrued on this one-third proportionate share from and after the date of deposit of said sum into the registry of this court be paid to E.C., a minor by and through his Guardian ad Litem JUANA MARTINEZ , and Marvin Stuart Lanter Attorney at Law.

Said sum of $42,088 (plus 1/3 of the accrued interest) shall be paid as follows: E.C., a minor by and through his Guardian ad Litem JUANA MARTINEZ  shall be paid the sum of $31,588  plus interest

1  accrued on this one-third proportionate share from and after the date of deposit of said sum into the registry

2  of this court; and Marvin Stuart Lanter Attorney at Law shall be paid the sum of $10,500 for his attorney

3  fees and costs.

4       The above mentioned sums made payable to Juana Martinez Guardian Ad Litem for each minor

5  shall be deposited in a blocked account in Union Bank of California –Century City Branch within 72 hours of

6  receipt of said money.

7       Further the sum of $9,000 is to be paid to LIFE INSURANCE COMPANY OF NORTH AMERICA, a

8  Pennsylvania corporation.  The check should be made payable to Life Insurance Company of North

9  America and sent to Laura E. Fannon of Wilson, Elser, Moskowitz, Edelman & Dicker LLP.

10 

11       Further, that the sum of $42,088.00 plus interest accrued on this one-third proportionate share from

12  and after the date of deposit of said sum into the registry of this court, be paid jointly to "Marlene Martinez

13  and her attorney, Mary Der-Parseghian.

14       For such other further relief as this Court may deem just and proper.

15       This motion is based on this notice, the Memorandum of Points and Authorities set forth below, the

16  attached Declarations of JUANA MARTINEZ   Guardian ad Litem for E.K.C., and E.C., minors,

17  Marvin Stuart Lanter, attorney of record for the Defendants and the complete files and

18  records in this action, and such other and further evidence as may be presented at the hearing on this

19  matter.

20       This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on

21  March 6-8, 2012.  No Counsel indicated any opposition the Motion.

22 

23  / / /

24  / / /

25

**NOTICE OF MOTION AND MOTION TO APPROVE TERMS OF SETTLEMENT**

- 3 -

1  Dated: March 8, 2012            <u>/s/ Marvin Stuart Lanter</u>

2                                  Marvin Stuart Lanter, attorney of record for the

3                                  Defendants E.K.C., a minor, by his Guardian ad Litem,

4                                  JUANA MARTINEZ; and E.C., a minor, by his Guardian

5                                  ad Litem, JUANA MARTINEZ

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

NOTICE OF MOTION AND MOTION TO APPROVE TERMS OF SETTLEMENT

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. RECITALS

WHEREAS:

A. This is a Rule 22 suit in interpleader filed by LIFE INSURANCE COMPANY OF NORTH AMERICA (hereinafter "LINA") to address potentially conflicting claims to the undisbursed portion of the death benefit owed under a group life insurance policy, LINA policy no. 600636 ("the policy");

B. The policy provided voluntary coverage as part of an ERISA plan (29 U.S.C. § 1001 et seq.) offered by Retina Vitreous Associates Medical Group ("RVAMG") to and for the benefit of its eligible employees;

C. Olga J. Martinez, an eligible employee of RVAMG, purchased $150,000 in coverage under the Policy;

D. The policy contains the following provision concerning payment of benefits: To Whom Payable Death Benefits will be paid to the Insured's named beneficiary, if any, on file at the time of payment. If there is no named beneficiary or surviving beneficiary, Death Benefits will be paid to the first surviving class of the following living relatives: spouse; child or children; mother or father; brothers or sisters; or to the executors or administrators of the Insured's estate....The named beneficiaries under the policy were the decedent's mother (who is not a party to this action), 10 percent; and the decedent's husband, defendant Napoleon Castro ("Castro"), 90 percent;

E. The decedent died by homicide on May 1, 2010. There have been no arrests, but Castro is on the FBI's "Wanted" list for this homicide. See http://www.fbi.gov/wanted/murders/napoleon-eduardo-castro/view. Castro has fled the area has not been seen by the appearing defendants since the decedent's death;

F. LINA paid the decedent's mother, Olga M. Martinez, her $15,000 share of the death benefit;

G. The appearing defendants made claims under the policy for the undisbursed remainder of the death benefit. Castro never made a claim but remained a potential claimant;

H. Pursuant to California Probate Code section 252, Castro should be precluded from recovering any part of the death benefit in that more probably than not he "feloniously and intentionally killed" the decedent (Prob. Code § 252). E.C. and E.K.C. were not named beneficiaries under the policy and maintained a viable claim only if Castro were precluded from recovery. Therefore, LINA filed its Complaint in Interpleader in this action on May 3, 2011.

I. Also on May 3, 2011 LINA deposited the interpleaded sum of $135,264.01 ($135,000-death benefit and $264.01-accrued interest) with Clerk of the United States District Court.

J. The First Amended Complaint was filed on May 5, 2011 and summons issued thereon;

K. Appearing defendants E.C. and E.K.C. appeared in this action in July 2011 by their Guardian Ad Litem Juana Martinez their maternal aunt. Appearing defendant Marlene Martinez appeared in this action in September 2011. Castro never answered the First Amended Complaint or otherwise appeared in this action;

L. On November 4, 2011, upon LINA's request, the Clerk of this Court entered Castro's default;

M. On January 27, 2012, this Court granted LINA's unopposed motion for entry of a partial judgment of default against Castro. Pursuant to this Order, Castro, among other things, has now relinquished any right to claim the benefit from LINA; and

N. LINA and the appearing defendants wished to resolve this matter fully and to conclude this litigation. To this end, they entered into an agreement and Stipulation on February 16, 2012, and asked that this Stipulation become the order of this Court.

## II. COURT'S ORDER ON STIPULATION OF FEBRUARY 23, 2012

Pursuant to the parties Stipulation this Court issued the following ORDER ON STIPULATION FOR ORDER DISCHARGING AND DISMISSING PLAINTIFF AND FOR ENTRY OF JUDGMENT AND DISBURSEMENT OF INTERPLEADED FUNDS FOLLOWING COURT APPROVAL OF SETTLEMENT AMONG ALL PARTIES:

"1) The Court declares that all proceeds of LINA group life insurance policy no. 600636 issued to Retina Vitreous Associates Medical Group ("the policy") that remain to be paid by reason of the death of Olga J. Martinez ("the decedent") have been fully interpleaded into the registry of this Court with interest to the date of deposit, and nothing more is due or owing under the policy;

2) Defendants shall not bring any additional action and shall dismiss with prejudice any currently pending action, aside from the present one, against LINA or against each other for recovery of benefits under the policy that are payable by reason of the decedent's death;

3) Having deposited the Policy proceeds plus interest with the Clerk of the Court, LINA, and its past, present and future parents, subsidiaries, affiliates, assignees, predecessors, successors, agents, producers, employees, officers, directors, attorneys and insurers, are now discharged from any further liability to defendants, and each of them, with respect to any matter related to the Policy, any claim thereunder, or this action;

4) Subject to and following court approval of the settlement, as set forth below, LINA shall be awarded its costs of suit incurred herein, including its reasonable attorney's fees, to be paid out of the funds that LINA has deposited with the Clerk of this Court. To avoid further

NOTICE OF MOTION AND MOTION TO APPROVE TERMS OF SETTLEMENT

litigation and to avoid any additional expenditure of time or fees in litigating this matter, the parties have stipulated that LINA shall be entitled to the sum of Nine Thousand Dollars ($9,000.00) in compromise of its fees and costs incurred in this action;

5) After disbursement to LINA of its fees and costs from the interpleaded funds, in accordance with the terms of this Order, and subject to approval by the Court as set forth below, the balance of the interpleaded funds and accrued interest ("the net funds") shall be disbursed by the Clerk of this Court as follows:

- One-third of the net funds shall be paid to Marlene Martinez, less attorneys' fees and costs payable to Der-Parseghian Law Group Client Trust Account;
- One-third of the net funds, less court-approved attorneys' fees and costs payable to Marvin Stuart Lanter, Esq., attorney of record for E.K.C., shall be paid to Juana Martinez, Guardian ad Litem for E.K.C., a minor, in trust for E.K.C. or as otherwise directed by this Court or by the Probate Department of the Superior Court of the State of California for the County of Los Angeles; and
- One-third of the net funds, less court-approved attorneys' fees and costs payable to Marvin Stuart Lanter, Esq., attorney of record for E.C., shall be paid to Juana Martinez, guardian ad Litem for E.C., a minor, in trust for E.C. or as otherwise directed by this Court or by the Probate Department of the Superior Court of the State of California for the County of Los Angeles.

6) Marvin Lanter, Esq., attorney of record for the minor defendants E.C. and E.K.C., is ordered to file a motion on behalf of the minor defendants seeking this Court's approval of the terms of the settlement as set forth above.

**NOTICE OF MOTION AND MOTION TO APPROVE TERMS OF SETTLEMENT**

The motion shall be filed no later than March 9, 2012.

7) Upon approval by the Court of this settlement pursuant to said motion for approval, including any modifications ordered by this Court, judgment shall be entered in accordance with this Order and the Clerk of Court shall be ordered to disburse the funds immediately as set forth in Paragraphs 4 and 5 above, or as otherwise ordered by this Court in connection with the motion for approval of the settlement.

IT IS SO ORDERED.

Dated: February 23, 2012           /s/
                                   DOLLY M. GEE
                                   United States District Judge"

## III-THE STATUTORY LAW RE AN ORDER OR JUDGEMENT FOR THE BENEFIT OF A MINOR

### California Code of Civil Procedure § 372

California Code of Civil Procedure § 372 provides that any money or other property to be paid or delivered pursuant to the Order or Judgment for the benefit of a minor or incompetent person shall be paid and delivered as provided in the California Probate Code commencing with Sections 3600.

Probate Code §3601 requires that the Court make an Order authorizing and directing that reasonable expenses, medical and otherwise, including costs and attorney's fees be paid from the money or other property which shall be paid or delivered for the benefit of the minor or person with a disability. In accordance with Probate Code§3601(b), such Order may be made to the Guardian Ad Litem and the payor of any money to be paid pursuant to the compromise involving the minor.

### CALIFORNIA RULE OF COURT 7.950

### NOTICE OF MOTION AND MOTION TO APPROVE TERMS OF SETTLEMENT

California Rule of Court 7.950 provides that in all cases under Code of Civil Procedure§372 or Probate Code §§ 3600 and 3601, the Court must use a reasonable fee standard when approving or allowing the amount of attorney's fees payable from money or property paid or to be paid for the benefit of a minor or a person with a disability. The Court may approve and allow attorney fees under a contingency fee agreement made in accordance with law, provided that the amount of fees is reasonable under all of the facts and circumstances.

As the Declaration of Marvin Stuart Lanter illustrates, Defendants hired his office for the specific purposes of filing the necessary claims, then responding to the suit thereafter, negotiating the settlement for the claims of the minor.

When Counsel for Defendant minors began this matter pre-litigation, the Plaintiff LINA had refused to make any payment to the Defendant Minors.  As a result of Counsel's actions, the Plaintiff LINA filed this Interpleader action which moved this matter to resolution. Further as a result of the Interpleader payments will be made to the Defendant Minors. Counsel has accomplished all of the tasks assigned by the Defendant minors.

Given the litigation posture of this case, E.K.C., a minor, by his Guardian ad litem, JUANA MARTINEZ; and E.C., a minor, by his Guardian ad litem, JUANA MARTINEZ, are seeking approval by this honorable Court on the basis that this settlement is a good faith settlement and in Defendant minor's best interests.

MARVIN S. LANTER & RONALD P. EHRMAN Attorneys at Law and JUANA MARTINEZ as Guardian ad Litem for E.K.C. and E.C. entered into a written agreement dated June 2, 2011 wherein the Clients agreed to pay $360 per hour for all time spent on Client's matter by Counsel.  Payment for legal fees were due upon such time as Counsel recovers and or receives monies in this matter.  In no event was the hourly fees be greater than one-third (1/3) of the total amount covered.  In addition the Clients agreed to pay costs.

The total amount billed for Counsel fees and costs for both of the minor Defendants as of February 29, 2012 is the sum of $23,689.90 (See Declaration of Marvin Stuart Lanter). Marvin Stuart Lanter counsel for the minor Defendants has reduced his fee and agrees to accept the total sum of $21,000 for his fees and costs.  Counsel has also agreed to waive payment for any other attorney fees and costs in this matter after the date of February 29, 2012 (as long as this matter is concluded in an expeditious manner).

The breakdown of then Interpleaded monies and their disbursement to the minors is as follows:

- Gross Interpleaded Monies                $135,264 (plus accrued interest)
- Minus Attorney fees to Plaintiff LINA    $  9,000
  Total Interpleaded monies remaining      $126,264 (plus accrued interest)

- $126,264 divided by 3                    $ 42,088 each to E.K.C.; E.C.
                                             (and Marlene Martinez)
- Attorney fees and costs ($21,000/2)      $ 10,500 each
- Net to E.K.C.                            $ 31,588 (plus accrued interest)
- Net to E.C.                              $ 31,588  (plus accrued interest)

Therefore each minor Defendant will receive net the sum of $31,588 (plus 1/3 of the accrued interest) after deduction for attorney fees and costs. The Court should note that this amount of attorney fees and costs is approximately 25% of the total recovery of $42,088 (See Declaration of Marvin Stuart Lanter).

Counsel for Plaintiff does not represent and is not employed by any other party or any insurance carrier involved in this matter.

The Defendants, by and through the assistance of Defendant's counsel have made a careful and diligent inquiry and investigation to ascertain the facts relating to the incidents as alleged, the responsibility therefore and the nature and extent of the damages in this matter. Defendants fully understand that if this Motion is granted by this Court, the minor will forever be barred from seeking any further recovery of compensation from the Plaintiff even though the minor's damages might be more serious than they are now  thought to be.

Defendant Juana Martinez, as Guardians ad Litem of the minors has no interest in this lawsuit and has been directly involved with the litigation of the case and was consulted with throughout the entirety of this litigation.

The balance of the settlement sum, namely $ 31,588 plus interest accrued on this one-third proportionate share from and after the date of deposit of said sum into the registry of this court, is to be deposited in a federally insured, blocked interest bearing account at the depository Union Bank of California, 1901 Avenue of the Stars, Century City California 90067, in the name of the JUANA MARTINEZ as Guardian ad Litem for E.K.C. the minor, and is not to be withdrawn without a court order before the minor attains the age of 18 years.

The balance of the settlement sum, namely $ 31,588 plus interest accrued on this one-third proportionate share from and after the date of deposit of said sum into the registry of this court, is to be deposited in a federally insured, blocked interest bearing account at the depository Union Bank of California, 1901 Avenue of the Stars, Century City California 90067, in the name of the JUANA MARTINEZ as Guardian ad Litem for E.C. the minor, and is not to be withdrawn without a court order before the minor attains the age of 18 years.

Further Marvin Stuart Lanter Attorney at Law is to be awarded his attorney fees and costs in this matter in the amount of $21,000.

WHEREFORE, Petitioners pray that the Court make an order approving the terms OF THE SETTLEMENT AMOUNG ALL PARTIES AND THE DISBURSEMENT OF ALL INTERPLEADED FUNDS AND REQUEST FOR ATTORNEY FEES AND COSTS in this matter for Defendants E.K.C., a minor, by his Guardian ad Litem, JUANA MARTINEZ; and E.C., a minor, by his Guardian ad Litem, JUANA MARTINEZ .

/ / /

1 Defendant's also pray that this Court make any other orders which it deems reasonable, just and proper.

Dated: March 8, 2012                            Respectfully submitted,

/s/ Marvin Stuart Lanter

Marvin Stuart Lanter attorney for Defendants E.K.C., a minor, by his Guardian ad Litem, JUANA MARTINEZ; and E.C., a minor, by his Guardian ad Litem, JUANA MARTINEZ .

NOTICE OF MOTION AND MOTION TO APPROVE TERMS OF SETTLEMENT

- 13 -